**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

**RALPH ARMSTRONG,**
**Plaintiff,**

**v.**

**C.A. No.**

**HOME DEPOT, INC.,**
**Defendant.**

## COMPLAINT

1. This complaint arises from employment discrimination based on age.

## JURISDICTION

2. Plaintiff invokes the jurisdiction of this Court pursuant to G.L. 1956 § 28-5-1 et seq., and G.L. 1956 § 42-112-1 et seq.

## PARTIES

3. Plaintiff, Ralph Armstrong ("Plaintiff"), is a resident of the State of Rhode Island and a United States citizen.

4. Defendants Home Depot, Inc., is a corporation doing business in Rhode Island.

## ADMINISTRATIVE PROCEDURES

5. On or about May 24, 2005, charges of discrimination, based upon age were timely filed with the Rhode Island Commission for Human Rights ("Commission").

6. On or about July 18, 2006, the Commission issued a "Notice of Right to Sue."

7. This complaint has been filed within ninety (90) days of the receipt of the "Notice of Right to Sue."

## STATEMENT OF FACTS

8. Plaintiff was born on May 16, 1934.

9. Plaintiff was hired by Defendant in about July 1992. Although Plaintiff's official title was "Associate," Plaintiff worked on a variety of special assignments for Defendant and was nicknamed "the Mayor."

10. In November 2001, Plaintiff was transferred to the Smithfield, RI, store. Plaintiff was working out of the Smithfield store when he was terminated in August 2004.

11. Defendant's stated reason for Plaintiff's termination was misconduct. Specifically, Defendant accused Plaintiff of falsifying mileage and expense reports.

12. The Defendant's proffered reason for terminating Plaintiff is a pretext for discrimination.

13. Plaintiff consistently performed his duties and responsibilities in at least a satisfactory manner during the entire time that he was employed by Defendant.

**COUNT I**
**Fair Employment Practices Act ("FEPA")**
**G.L. 1956 § 28-5-1 et seq.**
**(Age Discrimination)**

14. Plaintiff incorporates by reference Paragraphs 1 through 13 as if fully set forth herein.

15. By the aforesaid actions, Defendant intentionally violated the FEPA by discriminating against the Plaintiff based upon his age.

16. Plaintiff is damaged as a proximate result of this intentional conduct.

**COUNT II**
**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 § 42-112-1 et seq.**
**(Age Discrimination)**

17. Plaintiff incorporates by reference Paragraphs 1 through 16 as if fully set forth herein.

18. By the aforesaid actions, Defendant intentionally violated the RICRA by discriminating against Plaintiff because of his age.

19. Plaintiff is damaged as a proximate result of this intentional conduct.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the employment practices complained of in this Complaint are unlawful;

(2) order the Defendant to make the Plaintiff whole;

(3) order the Defendant to pay Plaintiff compensatory damages;

(4) order the Defendant to pay Plaintiff punitive damages;

(5) retain jurisdiction of this action to ensure full compliance;

(6) order the Defendant to pay Plaintiff costs and expenses and reasonable attorneys' fees;

(7) grant such other relief to Plaintiff as the court deems just and proper.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

Plaintiff,
By his attorney,

Patricia E. Andrews, #4321
129 Dyer Street
Providence, RI 02903
(401) 421-0065
(401) 421-0964 (fax)

Dated: October 11, 2006.

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. ..........................

RALPH ARMSTRONG
Plaintiff

HOME DEPOT, INC.
Defendant

**Summons**

*To the above-named Defendant:*

HOME DEPOT, INC.

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Patricia E. Andrews, Esquire Plaintiff's attorney, whose address is 129 Dyer Street Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

TRUE COPY ATTEST
THOMAS NOURY
P.O. BOX 114026
NORTH PROVIDENCE, RI 02911
1/23/07

Dated: January 23, 2007

(Seal of the Superior Court)

S- 135 (REV. 10/00)

# State of Rhode Island and Providence Plantations

.........................................,SC

## PROOF OF SERVICE

I hereby certify that on the ......................................... day of ........................................................ I served a copy of this summons and a copy of the complaint received therewith upon ..........................................................................................

..........................................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,..........................................................

..........................................................................................., with a person of suitable age and discretion then residing therein.
(Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ..............................................
..........................................................................................., with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ...........................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..........................................................................................................................................................................

..........................................................................................................................................................................

..........................................................................................................................................................................

Sheriff's Fees

Travel .......................... $...........................

Service ........................ $...........................

$...........................

..................................................................

Deputy Sheriff

CIVIL ACTION

FILE NO. ..............................

SUMMONS

SUPERIOR COURT

RALPH ARMSTRONG

vs

HOME DEPOT, INC

Patricia E. Andrews #4321
ATTORNEY FOR PLAINTIFF

Serve
Corporation Service Co.
222 Jefferson Blvd.
Warwick, RI 02888

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.