**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **RALPH ARMSTRONG,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HOME DEPOT, INC.**<br><br>**Defendant.** | **Civil Action No. 07-58 S-DLM** |

**DEFENDANT'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Home Depot U.S.A., Inc.[1], ("Defendant"), hereby answers the Complaint of plaintiff, Ralph Armstrong ("Plaintiff"), as follows:

1. Defendant denies the allegations contained in paragraph 1 of the Complaint.

**JURISDICTION**

2. Defendant does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 2 of the Complaint.

**PARTIES**

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits it is a corporation duly licensed and doing business in Rhode Island. Defendant denies all remaining allegations contained in paragraph 4 of the Complaint.

---

[1] Plaintiff has misnamed Defendant in this action as "Home Depot, Inc." Plaintiff was employed by "Home Depot U.S.A., Inc." Home Depot, Inc. owns the corporate entity which owns Plaintiff's former employer, Home Depot U.S.A., Inc. For purposes of answering this complaint, Defendant will answer as if the complaint were brought against the correct corporate entity -- Home Depot U.S.A., Inc.

**ADMINISTRATIVE PROCEDURES**

5. Defendant admits amended charges of discrimination were filed with the Rhode Island Commission for Human Rights on or about May 24, 2005. Defendant denies all remaining allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant is without sufficient information to form a belief concerning the truth of the matters alleged in paragraph 7, and accordingly, they are denied.

**STATEMENT OF FACTS**

8. Defendant admits that Plaintiff has reported his date of birth at May 16, 1934.

9. Defendant admits the allegations contained in the first sentence of paragraph 9 of the Complaint. Defendant admits that Plaintiff's job title was sales associate during portions of his employment. Defendant is without sufficient information to form a belief concerning the truth of the remaining matters alleged in paragraph 7, and accordingly, they are denied.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in the first sentence of paragraph 11 of the Complaint. Defendant admits the allegations contained in the second sentence of paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

**COUNT I**
**Fair Employment Practices Act ("FEPA")**
**G.L. 1956 § 28-5-1 et seq.**
**(Age Discrimination)**

14. Defendant incorporates by reference and realleges its responses contained within paragraphs 1 through 13 herein.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

**COUNT II**
**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 § 42-112-1 et seq.**
**(Age Discrimination)**

17. Defendant incorporates by reference and realleges its responses contained within paragraphs 1 through 27 herein.

18. Defendant denies the allegations contained in paragraph 29 of the Complaint.

19. Defendant denies the allegations contained in paragraph 30 of the Complaint.

**PRAYER FOR RELIEF**

Defendant states the Prayer For Relief does not contain any allegations to which a response is required from Defendant.

**Affirmative Defenses**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint in whole or in part fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed properly to mitigate damages, the existence of which Defendant denies, as required by law.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred, in whole or in part, because Defendant's actions were at all times proper and lawful, in the advancement of legitimate, nondiscriminatory and reasonable business interests that were in no way related to Plaintiff's age.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' complaint is barred, in whole or in part, because Plaintiff's relationship with Defendant was terminable at will by either party.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred in whole or in part because, at all relevant times, the actions of Defendant were legal, proper, reasonable, and in conformity with all applicable Rhode Island and federal statutory, regulatory, and decisional law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred, in whole or in part, by the exclusive remedy provisions of Rhode Island Workers Compensation law provided in Rhode Island General Law § 28-29-1 et seq.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred, in whole or in part, by the exclusive remedy provisions of Rhode Island Fair Employment Practices Act, Rhode Island General Law § 28-5-1 et seq.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred, in whole or in part, because Plaintiff has failed to exhaust his administrative remedies.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Rhode Island Commission for Human Rights.

**ELEVETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation, to the extent they were not presented to the Rhode Island Commission for Human Rights in a timely fashion, and to the extent that they did not occur within the time frames prescribed by law.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to amend this answer to modify its responses and add such affirmative defenses as warranted by additional investigation and discovery in this case.

WHEREFORE, Defendant requests that:

1. Plaintiff's complaint be dismissed;

2. Defendant be awarded costs and fees; and

3. Defendant be granted such other and further relief as the Court deems appropriate.

HOME DEPOT U.S.A., INC.
By its attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
(617) 523-6666

/s/ Joseph P. McConnell
Joseph P. McConnell (RI No. 5086)

Dated: March 20, 2007

**CERTIFICATE OF SERVICE**

I, Joseph P. McConnell, hereby certify that I have caused a copy of Defendants' Answer and Affirmative Defenses to be served upon Plaintiff's attorney, Patricia E. Andrews, 129 Dyer Street, Providence, Rhode Island 02903, by electronic notification on this 20th day of March, 2007.

/s/ Joseph P. McConnell
Joseph P. McConnell